COMPOSITE EXHIBIT 8

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AMBER ALVEY,

           PLAINTIFF,                       Case No:    8:15-cv-1861-T-33AEP

v.

BOB GUALTIERI, in his official capacity as
Sheriff of Pinellas County,

           DEFENDANT.

_____/

### PLAINTIFF'S REQUEST TO ENTER ON LAND FOR INSPECTION

Plaintiff Amber Alvey, by and through her undersigned counsel, requests that Defendant, in accordance with Rule 34 of the Federal Rules of Civil Procedure, permit entry into Pinellas Safe Harbor on June 22, 2016, from 12:30 p.m. to 5 p.m. for the purpose of inspecting the facility and its grounds.

This Request includes inspection of any area where individuals reside at Pinellas Safe Harbor (PSH or facility); where intake is conducted; where persons residing at the facility sleep; the sleeping arrangements provided to persons residing at the facility, including any bunkbeds, mats on the floor, "boats" (i.e., plastic devices in which mats are placed on the floor); to conduct measurements of each of the sleeping arrangements provided to persons residing at the facility; the restroom and bathing facilities for persons residing at the facility; all "pods" at the facility, including the outdoor pod referred to as "pod 6"; where narcotic or prescription medications of persons residing at the facility are stored; where any type of program, activity, counseling, or class for persons residing at the facility occurs; the entry and exits to the facility and how individuals who are staying

at the facility have entry to the facility from those areas; and any storage areas available for property of persons staying at the facility.

Plaintiff's counsel will be accompanied by a videographer who shall be permitted to video tape all of the areas referenced, including any measurements of any sleeping arrangements provided to persons residing at the facility.

This Request also includes inspection of the Tampa Bay Information Network (TBIN) electronic database system maintained by Pinellas Safe Harbor related to the following electronically stored information (ESI):

1.     Any ESI related to Amber Alvey, including but not limited to any data concerning Ms. Alvey's intake; data related to Ms. Alvey's sleeping assignment at PSH; data related to Ms. Alvey's disabilities and medications; data related to any incident report concerning Ms. Alvey; data related to reasons for being banned or denied re-entry from the facility; data related to the incident in Pod 3 where Ms. Alvey fell and injured herself; data related to the PSH's claim that Pod 6 was offered to Ms. Alvey on June 21, 2014; Ms. Alvey's check-out from the facility; and any data maintained in the TBIN system at PSH that relates in any way to Amber Alvey.

2.     Any metadata related to decisions made by any PSH employee, agent or contractor concerning Ms. Alvey on June 19, 2014, June 20, 2014, and June 21, 2014, including but not limited to metadata concerning any individual who made any entries in the TBIN system concerning Ms. Alvey, any edits to any such entry and the date of any such entry.

3.      Any ESI related to the total number of individuals that were present at PSH at midnight on June 19, 2014, for: (a) the entire facility, (b) each pod and (c) the number of males and females at the facility and (d) the number of males and females in each pod.

4.      Any ESI related to the total number of individuals that were present at PSH at 9 a.m. on June 20, 2014, for: (a) the entire facility, (b) in each pod, (c) the number of males and females at the facility and (d) the number of males and females in each pod.

5.      Any ESI related to the total number of individuals that were present at PSH at 8 p.m. on June 20, 2014, for: (a) the entire facility, (b) each pod, (c) the number of males and females at the facility and (d) the number of males and females in each pod.

6.      Any ESI that reflects the sleeping spaces that individuals were assigned to on June 19, 2014, June 20, 2014 and June 21, 2014, including by each pod and by gender.

7.      Any ESI related to the total number and placement of sleeping spaces that were available (i.e., no individual was sleeping in or assigned to) at PSH on June 19, 2014, June 20, 2014 and June 21, 2014, including by pod and gender.

Dated:  June 10, 2016                                   Respectfully submitted,

                                                       *andrea costello*

By: _____
                                                       ANDREA COSTELLO, Fla. Bar No. 532991
                                                       Andrea.costello@southernlegal.org
                                                       KIRSTEN CLANTON, Fla. Bar No. 17179
                                                       Kirsten.clanton@southernlegal.org

JODI SIEGEL, Fla. Bar No. 511617
Jodi.siegel@southernlegal.org
Southern Legal Counsel, Inc.
1229 NW 12th Avenue
Gainesville, FL 32601
(352) 271-8890
(352) 271-8347 (fax)

NANCY E. WRIGHT, Fla. Bar No. 309419
Law Office of Nancy E. Wright
3231 NW 47th Place
Gainesville, FL 32605
(352) 871-8255
newright.law@gmail.com

ATTORNEYS FOR PLAINTIFF

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via

electronic mail on June 10, 2016, to:

Bradley R. Hall
Tracey K. Jaensch
FORD & HARRISON LLP
101 E. Kennedy Boulevard, Suite 900
Tampa, Florida 33602
brhall@fordharrison.com
tjaensch@fordharrison.com
Attorneys for Defendant

*Andrea Costello*

ATTORNEY FOR PLAINTIFF

5



Ius Laboris USA Global HR Lawyers

# FordHarrison

101 E. Kennedy Boulevard | Suite 900
Tampa, Florida 33602-5133
Tel 813-261-7800 | Fax 813-261-7899

Writer's Direct Contact:

BRADLEY R. HALL
813-261-7838
brhall@fordharrison.com

June 20, 2016

Andrea Costello
Southern Legal Counsel
1229 N.W. 12th Avenue
Gainesville, FL 32601

> **Re:** ***Alvey v. Gualtieri***
> ***Case No.: 8:15-cv-1861-VMC-AEP***

Dear Andrea:

This letter is in response to your letter dated June 14, 2016, regarding Plaintiff's remaining discovery issues. Despite your claim otherwise, we have previously discussed nearly all of the issues contained in your letter.

For example, Defendant has provided all training records requested in its possession other than for Deputy Christopher Cook. Defendant has already agreed to produce Cook's training records and will produce them as soon as possible. As we have previously discussed, the other individuals you have requested training records for (CPO Jeannette, CPO Armstrong and CPO Sherman) are G4S employees. Accordingly, as discussed, Plaintiff should seek training records for those individuals from G4S.

Additionally, as we have again discussed numerous times, Request for Production No. 24 (regarding the number of disabled individuals at PSH on June 19, 20, and 21, 2014) is unduly burdensome because the only method the PCSO has to determine how many disabled residents were at PSH on any given day is to manually check each of the over 400 residents' TBIN profiles to determine whether each resident answered the question "[d]o you have a disability of long duration" in the affirmative. In addition, this information is completely irrelevant to Plaintiff's claims, particularly for June 19th and 21st, 2014, as Plaintiff did not even stay at PSH on those dates. Furthermore, you have requested the exact same information in your subpoena to 2-1-1 Tampa Bay Cares, Inc., which is the company that operates the TBIN system. Accordingly, regardless of our objections, Plaintiff will presumable be able to receive this information from 2-1-1 Tampa Bay Cares.

Regarding Request for Production No. 32 (regarding any "grant application or request for funding for PSH, whether submitted by the PCSO or any other entity or individual"), the response to Request No. 32 is "None." The letter you reference in your June 14th letter (PSH00071-72) is a letter from the City of Clearwater advising Sheriff Gualtieri that the City would contribute funds to the PCSO for the operation of PSH as part of its homeless initiative. Thus, it is not a grant application or request and there are no documents responsive to this request.

Andrea Costello
June 20, 2016

Regarding your upcoming on-site inspection of PSH on June 22, 2016 (from 12:30 PM to 4:30 PM), which was noticed for inspection on June 10th, we have agreed to allow you to videotape your inspection. However, we remind you that Plaintiff must take all possible precautions to ensure that resident faces and/or names do not appear on the video. In addition, we request that you refrain from videotaping or communicating with any of the inmate workers assigned to PSH from the Pinellas County Jail. We also request that residents and their property not be disturbed during the inspection.

Additionally, your request for inspection includes a requests to inspect the TBIN system and electronically stored information from the TBIN system. Initially, during our discussions regarding the proposed on-site facility inspection, inspection of the TBIN system was never requested. Such a request is inappropriate as your Notice of Inspection is in actuality a request to enter land for purposes of inspection under Fed. R. Civ. P. 34(a)(2) **and** a request for production of documents (in the form of electronically stored information) under Fed. R. Civ. P. 34(a)(1)(A) without providing Defendant with the proper time to object under the Federal Rules.

All of the TBIN information you have requested for Plaintiff has already been provided by Defendant in hard copy form. As we have previously informed you on several occasions, the PCSO does not operate the TBIN system, does not have access to the native files or metadata for the TBIN system, and does not have the ability to search the number of individuals present at specific hours[1] or determine specific sleeping placements for each night (only what was assigned during intake). Accordingly, to resolve this issue without court intervention, we will agree to allow you to view Plaintiff's TBIN profile and a blank resident intake screen. We do not have the ability to provide the information you have requested and cannot allow you access to any other residents' information stored in TBIN. However, once again, you have also requested this exact same electronically stored information from Tampa Bay 2-1-1, and thus this information will presumably be provided to you by the entity that actually controls it.

Sincerely,

BRADLEY R. HALL

BRH:mjk

WSACTIVELLP:8486289.1

---

[1] Plaintiff's Notice of Inspection requests information regarding the number of residents at PSH at 12 AM on June 19, 2014; 9 AM on June 20, 2014; and 8 PM on June 20, 2014.