UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMBER ALVEY,

        Plaintiff,

v.                              Case No. 8:15-cv-1861-T-33MAP


SHERIFF BOB GUALTIERI, in his
official capacity as Sheriff
of Pinellas County,

        Defendant.
_____/

## ORDER

    This matter comes before the Court pursuant to Plaintiff Amber Alvey's "Emergency Motion to Enforce Qualified Protective Order (Doc. 30) and Fed. R. Civ. P. 5.2 Filing Requirements" (Doc. # 53) filed on July 27, 2016. The Court directed Defendant Sheriff Bob Gualtieri, who is being sued in his official capacity, to file a response by 2:00PM on July 29, 2016, if he wished to be heard on the matter. (Doc. # 54). Gualtieri timely filed a response in opposition. (Doc. # 55). For the reasons stated herein, the Court grants in part and denies in part the Motion.

## Discussion

    Alvey is 59 years old and suffers from "physical impairments that substantially limit major life activities."

(Doc. # 1 at ¶ 8). In particular, Alvey alleges that, as a result of "an extreme incident of domestic violence in 1981," she sustained "head injuries, pelvic fractures, internal injuries to bladder and other internal organs, and spinal fractures that could not be surgically repaired." (Id. at ¶ 9). Alvey also alleges the 1981 domestic violence incident placed her in a coma and required hospitalization for weeks. (Id.). As a result of the aforesaid trauma, "Alvey now has osteoporosis/arthritis in her spine, lives with chronic pain, and cannot walk without assistance. . . . She also has epilepsy and other medical conditions. She has prescriptions for medications . . .[, which include] pain mediation, muscle relaxers, seizure medication, and sleep medication." (Id.).

Alvey further alleges that, due to her inability to work, she receives Social Security benefits in the amount of $721 per month. (Id. at ¶ 10). Alvey has experienced difficultly in renting because of her fixed income. (Id. at ¶ 11). In June of 2014, Alvey left her housing "due to serious health and safety concerns." (Id. at ¶ 12). Shortly thereafter, Alvey called a community resource hotline seeking help and was subsequently transported by a Pinellas County Sheriff's deputy to Pinellas Safe Harbor. (Id. at ¶¶ 14-16). "Pinellas Safe Harbor is an emergency shelter designed to be a safe

2

haven for those currently homeless and who require services to help them get back on their feet." (Id. at ¶ 17). During her stay at Pinellas Safe Harbor, which is operated by the Pinellas County Sheriff (Id. at ¶ 2), Alvey alleges that she was discriminated against on the basis of her disability and, following a slip-and-fall incident, was taken to Northside Hospital. (Id. at ¶¶ 19-31). Once released from Northside Hospital, Alvey attempted to regain entrance to Pinellas Safe Harbor; however, she was denied entrance. (Id. at ¶¶ 32-48). Alvey then returned to the location she had been formerly residing at in June of 2014. (Id. at ¶ 49).

Alvey instituted the pending action on August 10, 2015, by filing a one-count Complaint alleging a violation of the American with Disabilities Act, 42 U.S.C. § 12101, et seq. (Id.). During the course of discovery, the parties jointly moved for the entry of a protective order governing confidential information. (Doc. # 29). The Court granted the parties' joint motion and entered a protective order on March 9, 2016, which defined what constituted confidential information and the conditions placed thereon. (Doc. # 30).

However, this Court also stated, "[w]hether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents

3

are confidential. Motions to file under seal are disfavored, and such motions will be denied unless they comply with Local Rule 1.09." (Doc. # 33 at 6). Furthermore, "[e]ach confidentiality agreement or order shall provide, or shall be deemed to provide, that 'no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.'" (Id. at 4); see also (Doc. # 30 at ¶ 5).

Following discovery, Gualtieri filed a motion for summary judgment to which he attached several documents, including medical records of Alvey. (Doc. ## 51-52). Alvey now moves the Court to enter an order (1) directing the Clerk to remove the documents filed at docket entries 51-1 through 51-8, 51-16, 51-20, 51-21, and 52-5; (2) requiring Gualtieri to file a motion for leave to file docket entries 51-1 through 51-8, 51-16, 51-20, 51-21, and 52-5 under seal; and (3) directing Gualtieri to redact Alvey's full date of birth from the documents bearing Bates numbers 000576, PSH 000001, and PSH 000194 filed at docket entries 51-16, 51-20, and 51-21, respectively. (Doc. # 53 at 7).

Alvey argues Gualtieri violated the Court's protective order by not filing her medical records under seal. In support of her argument, Alvey cites to paragraph 5 of the protective

4

order, which states, in part: "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need. (Doc. 20.) The parties shall make every effort to minimize Confidential Information filed with the Court." (Doc. # 30 at ¶ 5). As demonstrated, though, the plain language of paragraph 5 places no obligation on a party to seek leave of Court to file a document containing confidential information under seal. Furthermore, to grant Alvey's Motion on the grounds of paragraph 5 would be to say all confidential information must be filed under seal. But, as this Court has stated, merely because the parties agree information may be confidential does not automatically mean the proffering party will be afforded leave to file under seal. (Doc. # 33 at 6).

Moreover, it was Alvey herself who put her medical conditions at issue by filing the instant action under the ADA. See Taylor v. Bradshaw, No. 11-80911-CIV, 2014 WL 6459978, at *6 (S.D. Fla. Nov. 14, 2014) ("Plaintiff has put her medical condition and/or illness at issue in this lawsuit" brought under the ADA). And, while there is no common-law right to discovery material, when such material is filed in conjunction with a dispositive motion, it becomes subject to the public right of access. Diaz-Granados v. Wright Med.

<u>Tech., Inc.</u>, No. 6:14-cv-1953-Orl-28TBS, 2016 WL 1090060, at *3 (M.D. Fla. Mar. 21, 2016) (citations omitted).

The Court is mindful that "[o]nce a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." <u>Brown v. Advantage Eng'g, Inc.</u>, 960 F.2d 1013, 1016 (11th Cir. 1992). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" <u>Local Access, LLC v. Peerless Network, Inc.</u>, No: 6:14-cv-399-Orl-40TBS, 2015 WL 5897743, *1 (M.D. Fla. Oct. 7, 2015) (citation omitted). In addition, Middle District of Florida Local Rule 1.09 sets forth the criteria for filing a document under seal. M.D. Fla. Local R. 1.09.

In this instance, the Court is not persuaded by Alvey's Motion. Again, simply because the parties agree that information may be confidential does not mean such information will automatically be sealed if filed on the record in conjunction with a dispositive motion. Furthermore, Gualtieri recognizes in his response that the documents bearing Bates numbers 000576, PSH 000001, and PSH 000194 at docket entries 51-16, 51-20, and 51-21, respectively, were

6

not fully redacted and has accordingly attached redacted copies of the same to his response. Gualtieri requests leave to replace docket entries 51-16, 51-20, and 51-21 with redacted copies. Without a more particularized showing, the Court will not grant leave for the wholesale sealing of the record with respect to Gaultieri's motion for summary judgment. But, the Court will grant Gualtieri's requests to replace docket entries 51-16, 51-20, and 51-21 with redacted copies.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Amber Alvey's "Emergency Motion to Enforce Qualified Protective Order (Doc. 30) and Fed. R. Civ. P. 5.2 Filing Requirements" (Doc. # 53) is **DENIED.**

(2) The Clerk is directed to remove the images filed at docket entries 51-16, 51-20, and 51-21.

(3) Exhibit A of Defendant Sheriff Bob Gualtieri's response (Doc. # 55-1), which contains the appropriate redactions, shall be deemed to replace docket entries 51-16, 51-20, and 51-21.

 

 

 

   **DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>3rd</u>

day of August, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE