```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

AMBER ALVEY,

    Plaintiff,

v.                                  CASE NO:   8:15-cv-1861-T-33AEP

BOB GUALTIERI, in his
official capacity as
Sheriff of Pinellas
County,

    Defendant.
_____/

### ORDER

    This matter comes before the Court pursuant to Defendant Bob Gualtieri's Motion to Strike the United States' Statement of Interest, filed on September 28, 2016. (Doc. # 79). Plaintiff Amber Alvey filed a response in opposition on October 10, 2016. (Doc. # 82). After the Court granted leave, the United States also filed a response on October 12, 2016. (Doc. # 84). For the reasons that follow, the Motion is denied.

### Discussion

    This case involves the question of what obligations a government-run homeless shelter has under Title II of the Americans with Disabilities Act (ADA), and its implementing regulations, to make a reasonable modification for a disabled

1

individual. (Doc. # 1 at ¶ 2). In their cross-motions for summary judgment, the parties disagree over whether Pinellas Safe Harbor homeless shelter failed to reasonably accommodate Alvey, who suffers from physical disabilities, when it did not provide Alvey with a raised bed. (Doc. ## 49, 50). After these motions were filed, the United States submitted its Statement of Interest (Statement), outlining the Department of Justice's (DOJ) interpretation of Title II of the ADA and the obligations imposed on homeless shelters like Pinellas Safe Harbor by that statute. (Doc. # 75).

The DOJ filed the Statement pursuant to 28 U.S.C. § 517, which states:

> The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States.

Id. Under this provision, the United States has broad discretion "to dispatch government lawyers to attend to any . . . interest of the United States." Hall v. Clinton, 285 F.3d 74, 80 (D.C. Cir. 2002)(citing 28 U.S.C. § 517)(internal citations omitted). The United States need not be a party in a case in order to assert its interests under the statute. Cf. Hunton & Williams v. U.S. Dep't of Justice, 590 F.3d 272,

291 (4th Cir. 2010) ("A statement of interest, which is authorized by 28 U.S.C. § 517, is designed to explain to a court the interests of the United States in litigation between private parties.").

Here, the DOJ maintains that it "has a particularly strong interest in this matter" because it is the agency that enforces the ADA and promulgates its regulations. (Doc. # 75 at 2); see also Olmstead v. L.C. ex rel. Zimring, 527 U.S. 581, 597-98 (1999)("Because the Department is the agency directed by Congress to issue regulations implementing Title II [of the ADA], its views warrant respect."). Nevertheless, Gualtieri urges that the Statement should be stricken as prejudicial, untimely, and not useful to deciding the cross-motions for summary judgment. (Doc. # 79).

The Court disagrees. Under the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[m]otions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered 'time wasters,' and will usually be denied unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise

3

prejudice a party." Italiano v. Jones Chems., Inc., 908 F. Supp. 904, 907 (M.D. Fla. 1995)(citations omitted); see also Augustus v. Bd. of Public Instruction, Escambia Cty., 306 F.2d 862, 868 (5th Cir. 1962)(citing Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953))("The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.").

The Statement is related to the issues to be decided in this case because it discusses Title II of the ADA. See Ferrand v. Schedler, No. CIV.A. 11-926, 2012 WL 1247215, at *2 (E.D. La. Apr. 13, 2012)(denying motion to strike Government's Statement of Interest where it had "an obvious relation to the controversy surrounding the [National Voter Registration Act]."). The Statement is not redundant because it is the United States' only briefing in this case and provides the DOJ's valuable perspective on Title II of the ADA. Id. ("Additionally, this Court finds that the Statement of Interest is not redundant, as it is the United States' only pleading filed surrounding this controversy."). Furthermore, the Statement was timely. It was filed on September 8, 2016, the same day on which Alvey and Gualtieri filed their replies. (Doc. ## 73, 74, 75); compare United

4

States ex rel. Gudur v. Deloitte Consulting, LLP, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007)(striking United States' Statement of Interest, which was filed after the briefing deadline for the pending motions for summary judgment had passed).

Finally, the Statement does not merely reflect the DOJ's litigating position, as it "is not a party and is not seeking to defend past agency action against attack." M.R. v. Dreyfus, 697 F.3d 706, 735 (9th Cir. 2012)(quotation omitted). Rather, the DOJ's interest lies in providing homeless shelters "clear guidance about their obligations under the ADA." (Doc. # 75 at 2). In the Statement, the DOJ states that it takes no position on "[w]hether Ms. Alvey's requested modification was reasonable, and whether [Pinellas Safe Harbor] can establish that the modification would have created a fundamental alteration." (Id. at 6). Instead, "the Statement [outlines] the general principles of law that are applicable." (Id.). Therefore, Gualtieri is not prejudiced by the filing of the Statement.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Bob Gualtieri's Motion to Strike (Doc. # 79) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this

17th day of October, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE